**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MANUEL WINN,

        Petitioner,        3:13-CV-00669-LRH-WGC

vs.

                                **ORDER**

RENEE BAKER, *et al.,*

        Respondents.

Following upon the notice of appearance by petitioner's counsel in this habeas matter (#13),

**IT IS ORDERED** that the Federal Public Defender's Office is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B), with Thomas Kenneth Lee, Esq., appearing as petitioner's counsel of record.

**IT FURTHER IS ORDERED** that petitioner shall have until up to and including **one hundred twenty (120) days** from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments

1  thereto, and/or any claims contained therein are not subject to dismissal as untimely.  *See Sossa v. Diaz*,
2  729 F.3d 1225, 1235 (9th Cir. 2013).

3      **IT FURTHER IS ORDERED** that respondents shall file a response to the amended petition,
4  including potentially by motion to dismiss, within sixty (60) days of service of the amended petition,
5  with any requests for relief by petitioner by motion otherwise being subject to the normal briefing
6  schedule under the local rules.  **Any response filed shall comply with the remaining provisions**
7  **below, which are entered pursuant to Habeas Rule 4.**

8      **IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case
9  shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not
10 wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive
11 motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to
12 dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that
13 consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28
14 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal
15 of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not**
16 in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under
17 § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no
18 procedural defenses, including exhaustion, shall be included with the merits in an answer.  All
19 procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

20     **IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall
21 specifically cite to and address the applicable state court written decision and state court record
22 materials, if any, regarding each claim within the response as to that claim.

23     **IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the
24 answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for
25 relief by respondents by motion otherwise being subject to the normal briefing schedule under the local
26 rules.

1   **IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by
2   either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits
3   by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers
4   of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be
5   forwarded – for this case – to the staff attorneys in Reno.

7   DATED this 4th day of December, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE