UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL WINN,<br><br>　　　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:13-cv-00669-LRH-WGC<br><br>ORDER |

This counseled habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss several grounds in petitioner Manuel Winn's first-amended petition (ECF No. 26). Winn has opposed (ECF No. 32), respondents replied (ECF No. 34), and Winn has filed a motion to file surreply and attached the proposed surreply (ECF No. 36).

**I.    Procedural History and Background**

On July 21, 2010, a jury convicted Winn of count 1: battery with the use of a deadly weapon and count 3: attempted robbery with use of a deadly weapon (exhibit 36).[1] The jury found Winn not guilty of count 2: burglary while in possession of a deadly weapon. *Id.* The state district court adjudicated Winn a habitual criminal and sentenced him to two consecutive terms of life without the possibility of parole. Exh. 42. Judgment of conviction was entered on November 18, 2010. Exh. 43. An amended judgment of

---

[1] Exhibits 1-91 referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 19, and are found at ECF Nos. 20-24. Exhibits 92-96 are exhibits to respondents' motion to dismiss, ECF No. 26, and are found at ECF No. 27.

1

conviction was entered on February 16, 2011, to reflect the jury verdict.[2]  Exh. 51.  The Nevada Supreme Court affirmed Winn's convictions on November 18, 2011, and remittitur issued on December 16, 2011.  Exhs. 59, 60.

Winn filed a pro per state postconviction petition for habeas corpus on August 15, 2012.  Exh. 74.  After an October 10, 2012 hearing, the state district court denied the petition on October 31, 2012.  Exh. 83.  On September 18, 2013, the Nevada Supreme Court affirmed the denial of the petition, determining that the ineffective assistance of counsel claims were properly denied on the merits and that the remaining substantive claims were procedurally barred pursuant to NRS 34.810(1).  Exh. 89.  Remittitur issued on October 15, 2013.  Exh. 91.

On November 26, 2013, Winn dispatched his federal habeas petition for filing (ECF No. 6).  This court appointed the Federal Public Defender as counsel for Winn, and Winn filed a counseled first-amended petition on September 30, 2015 (ECF No. 19).  Respondents now argue that several grounds in the first-amended petition do not relate back to the original petition and that some grounds are unexhausted or procedurally barred (ECF No. 26).

**II.      Legal Standards & Analysis**

    **a.  Relation Back**

Respondents argue that several grounds in the amended petition do not relate back to the original petition and should thus be dismissed as untimely (ECF No. 26, pp. 10-13).  A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).  In *Mayle*, the United States Supreme Court held

---

[2] The verdict form given to the jury had the charges in incorrect order, with counts 2 and 3 flipped.

2

that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Winn filed his first-amended petition on September 30, 2015, nearly two years after he dispatched his original petition for filing (ECF Nos. 6 and 19). The claims in the first-amended petition must therefore relate back to Winn's original petition in order to be deemed timely.

Respondents argue that grounds 2, 3(A), 3(B), 4(A) and 4(B) are untimely and do not relate back to the original petition (ECF No. 26, pp. 10-13).

**Ground 2**

Winn claims that insufficient evidence supported his conviction for attempted robbery with the use of a deadly weapon in violation of his Fourteenth Amendment due process rights (ECF No. 19, pp. 22-23). Winn contends that the trial testimony of the victim, Christopher Jackson, was insufficient to prove the elements of attempted robbery with a deadly weapon. *Id.*

Winn points to grounds 6, 30 and 31 of his original petition, arguing that the current ground 2 relates back to these grounds. He claimed in ground 6 that the State used the police to threaten, intimidate and coerce the victim into testifying (ECF No. 6, p. 13).

3

Winn did not attach any transcripts but directed this court to see the trial testimony of Jackson as well as of police detective S. Mendoza. *Id.* Ground 30 claimed that the trial court erred in allowing the testimony because it was coerced (*id.* at 61) and ground 31 claimed that defense counsel conspired with the State and refused to object to the testimony (*id.* at 63).

Winn claims that despite filing a motion in state district court for an order directing his former counsel to turn over his case file and trial transcripts to him, he did not have those records at the time that he filed his original petition (ECF No. 6, p. 11). He argues that, even though he failed to attach the trial transcript, because he referenced the entirety of the victim's twenty-eight-page trial testimony, such reference by a *pro se* litigant is sufficient for ground 2—the claim that insufficient evidence supported his conviction for attempted robbery—to relate back (ECF No. 32, pp. 11-12). This argument is of no moment. The court need not reach the question of whether such reference to the trial transcript sufficiently incorporates the transcript into the petition. Even assuming, without deciding, that the mere reference here is sufficient, ground 2—insufficiency of the evidence to prove attempted robbery with a deadly weapon—does not share a common core of operative facts with the claims in the original petition that the victim's testimony was the product of coercion and intimidation.

Ground 2 of the operative petition does not relate back to the original petition, and therefore, is dismissed as untimely.

**Ground 3(A)**

Winn contends that his trial counsel rendered ineffective assistance of counsel because he was completely unprepared for the State's key witness, the victim, in violation of Winn's Sixth Amendment rights (ECF No. 19, pp. 24-26).

Winn argues that ground 3(A) shares a common core of operative facts to the factual allegations that he set forth in the original petition that defense counsel was ineffective when he was forced to prepare for the victim's testimony when the State advised the

4

1  court and the defense immediately before trial that it had located the victim and planned
2  to call him as a witness (ECF No. 6, p. 69; *see also* pp. 71, 98).
3  Ground 3(A) shares common facts with grounds in the original petition. Ground 3(A)
4  also contains additional and more specific factual allegations than Winn included in the
5  original petition. However, the court disagrees with respondents that the additional
6  factual allegations alter the common core of operative facts. Ground 3(A) relates back
7  to the original petition and is therefore timely.

**Ground 3(B)**

9  Winn claims that trial counsel was ineffective in violation of his Sixth Amendment
10 rights when he failed to adequately investigate the case and prepare for trial.
11 Specifically, Winn contends that trial counsel knew the identity of the victim but failed to
12 present a defense on Winn's behalf and was unprepared to adequately cross examine
13 the victim (ECF No. 19, pp. 26-27).
14 In ground 35 of the original petition, Winn argued ineffective assistance of counsel
15 and due process violations on the basis that the State's failure to follow notice
16 requirements caused defense counsel to have no opportunity to prepare an effective
17 defense for trial (ECF No. 6, p. 71). Winn also asserted the following: ground 46 -- (1)
18 defense counsel "did implore the court to preclude the state from calling Mr. Jackson ...
19 and advised the court that he had prepared his entire defense based on Mr. Jackson
20 not testifying at trial[;]" and (2) defense counsel told the trial court that "[h]e could not
21 possibly be effective with only minutes to revise the entire defense strategy . . . ." (*id*. at
22 98); ground 34 -- defense counsel had to design an entirely new defense strategy
23 immediately before trial as a result of Jackson being called as a witness despite the
24 State's stipulation that it would not call Jackson (*id*. at 69); ground 35 –Winn was not
25 allowed to investigate Jackson and prepare an effective defense (*id*. at 71); and ground
26 36 – defense counsel rendered ineffective assistance because he was denied a

5

meaningful opportunity to cross-examine Jackson (*id.* at 73; *see also* ECF No. 32, pp. 15-16).

The court concludes that ground 3(B) shares a common core of operative facts with grounds set forth in the original petition. Ground 3(B), therefore, relates back and is timely.

### b. Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> The applicant has exhausted the remedies available in the court so the State; or
>
> (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481

(D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Grounds 3(A) and 3(B)**

Respondents argue that grounds 3(A) and 3(B), the ineffective assistance of trial counsel claims discussed above, are unexhausted (ECF No. 26, pp. 15-16). However, this court concludes that Winn fairly presented these grounds to the Nevada Supreme

1  Court in the appeal of the denial of his state postconviction petition. Exh. 74, p. 36-38,
2  55-56. Accordingly, grounds 3(A) and 3(B) are exhausted.

3  **Ground 5**

4  Winn argues that the cumulative effect of the errors raised in his federal petition
5  violates his Fifth and Fourteenth Amendment due process rights (ECF No. 19, p. 33).
6  While respondents argue that ground 5 is unexhausted (ECF No. 26, p. 18), it remains
7  before the court to the extent that it asserts cumulative error of the grounds that this
8  court shall consider on the merits. Accordingly, the court declines to dismiss ground 5.

9      **c. Procedural Bar**

10  Next, respondents alternatively argue that ground 1 is either unexhausted or
11  procedurally defaulted (ECF No. 26, p. 14-15, 19). "Procedural default" refers to the
12  situation where a petitioner in fact presented a claim to the state courts but the state
13  courts disposed of the claim on procedural grounds, instead of on the merits. A federal
14  court will not review a claim for habeas corpus relief if the decision of the state court
15  regarding that claim rested on a state law ground that is independent of the federal
16  question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722,
17  730-31 (1991).

18  The *Coleman* Court explained the effect of a procedural default:

19      In all cases in which a state prisoner has defaulted his federal claims in state
20  court pursuant to an independent and adequate state procedural rule, federal
    habeas review of the claims is barred unless the prisoner can demonstrate cause
21  for the default and actual prejudice as a result of the alleged violation of federal
    law, or demonstrate that failure to consider the claims will result in a fundamental
22  miscarriage of justice.

23  *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).
24  The procedural default doctrine ensures that the state's interest in correcting its own
25  mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d
26  1039, 1046 (9th Cir. 2003).

27
28

8

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

**Ground 1**

Winn contends that his convictions for both attempted robbery with the use of a deadly weapon and battery with the use of the same deadly weapon violate the Fifth Amendment's double jeopardy clause (ECF No. 19, pp. 20-22). First, respondents argue that ground 1 is unexhausted (ECF No. 26, pp. 14-15). However, Winn presented this claim to the Nevada Supreme Court on appeal from the denial of his state postconviction petition. Exh. 74, p. 22; exh. 89, p. 8. Accordingly, ground 1 is exhausted.

Next, respondents argue that ground 1 is procedurally barred. Under Nevada law, the state district court shall dismiss any postconviction claim that could have been raised in a direct appeal or a prior postconviction petition. NRS 34.810(1)(b). Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. *Id.* The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claim that corresponds to federal ground 1. Exh. 89, p. 8. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, this court finds that the Nevada Supreme Court's determination that federal ground 1 was procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground for the court's affirmance of the dismissal of that claim in the state petition.

Winn argues, however, that the state procedural default should not bar his federal claim because he can show cause and prejudice to overcome the default (ECF No. 32, pp. 36-37). The parties have asked the court to defer a decision as to whether cause and prejudice exist to excuse the procedural default of ground 1 (ECF No. 32, pp. 36-37; ECF No. 34, p. 29). As such, the court will defer such a ruling until further briefing by the parties.

**Ground 4**

Finally, in ground 4 Winn claims that his appellate counsel was ineffective. He argues that appellate counsel failed to raise three claims: (A) ineffective assistance of trial counsel when counsel was completely unprepared for the State's key witness, the victim; (B) ineffective assistance of trial counsel when counsel failed to adequately investigate the case and prepare for trial; and (C) ineffective assistance of trial counsel due to conflict of interest (ECF No. 19, pp. 28-33).

Respondents urge that the court need not consider whether any part of ground 4 is exhausted because it must be denied on the merits (ECF No. 26, pp. 17-18). 28 U.S.C. §2254(b)(2) provides: "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state. A federal court may deny an unexhausted claim on the merits only when the court finds it is perfectly clear that the applicant does not raise even a colorable federal claim and therefore has no chance of obtaining relief. *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

The Nevada Supreme Court has consistently held that it will not entertain claims of ineffective assistance of counsel on direct appeal. *Corbin v. State*, 892 P.2d 580 (Nev. 1995), citing *Gibbons v. State*, 634 P.2d 1214 (Nev. 1981); *but see Archanian v. State*, 145 P.3d 1008, 1020-21 (Nev. 2006) (the Nevada Supreme Court "has repeatedly declined to consider ineffective-assistance-of-counsel claims on direct appeal unless

the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless.") (emphasis omitted).

Winn fails to demonstrate his case would be subject to the very limited exceptions that would permit the Nevada Supreme Court to entertain such allegations of ineffective assistance of trial counsel on direct appeal.  Winn has not demonstrated how appellate counsel was ineffective for failing to raise allegations that the Nevada Supreme Court would not have addressed in the first place.  Accordingly, federal habeas relief is denied as to the entirety of ground 4.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 26), is **GRANTED** in part and **DENIED** in part as follows:

Ground 2 is DISMISSED as time-barred,

Grounds 3(A), 3(B), and 5 are exhausted,

Ground 4 is DENIED it its entirety,

A decision on ground 1 is deferred.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from the date this order is entered within which to file supplemental briefing as to ground 1 and procedural default.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** following service of petitioner's supplemental briefing in which to file a reply, if any.

**IT IS FURTHER ORDERED** that after the resolution of the issue of procedural default with respect to ground 1, the court will direct respondents to file an answer to the remaining grounds in the petition.

**IT IS FURTHER ORDERED** that petitioner's first and second motions for extension of time to file an opposition to the motion to dismiss (ECF Nos. 28 and 29) are both **GRANTED** *nunc pro tunc*.

1 **IT IS FURTHER ORDERED** that respondents' motion for leave to file excess pages re reply (ECF No. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file surreply (ECF No. 36) is **GRANTED**. The Clerk shall detach and file the surreply (ECF No. 36-1).

**IT IS FURTHER ORDERED** that respondents' motion to strike letter (ECF No. 39) filed *pro se* by petitioner, who is represented by counsel, is **GRANTED**. The document filed at ECF No. 38 **SHALL BE STRICKEN**. The court notes that petitioner's letter appears to complain of conditions of confinement and that he has a § 1983 civil rights conditions of confinement action pending in this court.

DATED this 13th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE