UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL WINN,<br><br>　　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:13-cv-00669-LRH-WGC<br><br>ORDER |

This counseled 28 U.S.C. § 2254 habeas matter is before the court on the parties' supplemental briefing regarding ground 1 (ECF Nos. 42, 44). On September 13, 2016, the court granted respondents' motion to dismiss in part (ECF No. 40). The court deferred a ruling as to whether ground 1 should be dismissed in order to allow the parties to file the supplemental briefing. As discussed below, ground 1 is dismissed as procedurally barred.

The court set forth the procedural history and background of this habeas matter in its September 13, 2016 order on the motion to dismiss (ECF No. 40). Respondents argue that ground 1 should be dismissed because it is procedurally defaulted (ECF No. 44, *see also* ECF Nos. 26, 34). "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and

1

adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). If he can establish cause, a petitioner must then show "prejudice," *i.e.* that there was actual prejudice amounting to a substantial disadvantage, and which resulted in a trial infected with constitutional error. *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989).

In addition, the Supreme Court has held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance of trial counsel, ineffective assistance of postconviction counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). The Court stressed that its holding was a "narrow exception" to the rule in *Coleman* that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.*

///

In *Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013), the Ninth Circuit expanded *Martinez* to allow ineffective assistance of postconviction counsel to be used as a means to excuse the default of claims of ineffective assistance of appellate counsel.

**Ground 1**

Winn contends that his convictions for both attempted robbery with the use of a deadly weapon and battery with the use of the same deadly weapon violate the Fifth Amendment's double jeopardy clause (ECF No. 19, pp. 20-22). Winn presented this claim to the Nevada Supreme Court on appeal from the denial of his state postconviction petition. Exh. 74, p. 22; exh. 89, p. 8.

Under Nevada law, the state district court shall dismiss any postconviction claim that could have been raised in a direct appeal or a prior postconviction petition. NRS 34.810(1)(b). Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. *Id.* The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claim that corresponds to federal ground 1. Exh. 89, p. 8. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, this court previously concluded that the Nevada Supreme Court's determination that federal ground 1 was procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground for the court's affirmance of the dismissal of that claim in the state petition (ECF No. 40, pp. 9-10).

Winn argues, however, that the state procedural default should not bar his federal claim because he can show cause and prejudice to overcome the default (ECF No. 42). In his supplemental briefing, Winn contends that his case in similar to *Nguyen*, because Winn's appellate counsel failed to raise the issue that his convictions and sentences for

3

attempted robbery with use of a deadly weapon and battery with use of the same deadly weapon violated the double jeopardy clause of the Fifth Amendment. *Id.* at 7. Winn's position is unavailing. Federal ground 1 is a substantive claim that his convictions and sentences violated double jeopardy. However, the *Nguyen* court held that *Martinez*—which held that ineffective assistance of postconviction counsel may constitute cause for failure to raise a claim of ineffective assistance of trial counsel—extended to postconviction counsel's failure to raise a claim of ineffective assistance of appellate counsel. Ground 1 is not a claim of ineffective assistance of trial or appellate counsel, and therefore, *Nguyen* and *Martinez* do not apply. Winn has failed to demonstrate cause and prejudice to overcome the default. Accordingly, ground 1 is dismissed as procedurally barred.

**IT IS THEREFORE ORDERED** that ground 1 is **DISMISSED** as procedurally barred.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date of entry of this order to file an answer to the amended petition. The answer shall contain all substantive and procedural arguments as to all grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file supplemental briefing (ECF No. 43) is **GRANTED** *nunc pro tunc*.

DATED this 25th day of April, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4